```
                    ___ FILED      ___ ENTERED
                    ___ LODGED     ___ RECEIVED

                         SEP 2 1 2005

                           AT SEATTLE
                   CLERK U.S. DISTRICT COURT
                 WESTERN DISTRICT OF WASHINGTON
                                         DEPUTY
                        BY
```

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ALICE BELEFORD, | ) |
| Plaintiff, | ) CASE NO. C04-1597-MJB[1] |
| v. | ) MEMORANDUM OPINION |
| JO ANNE BARNHART, Commissioner of Social Security, | ) |
| Defendant. | ) 04-CV-01597-ORD |

Plaintiff Alice Beleford appeals to the District Court from a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. For the reasons set forth below, the Commissioner's decision shall be REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings in accordance with this memorandum.

## I. PROCEDURAL HISTORY

Plaintiff filed an application for Social Security Disability Insurance Benefits and Supplemental Security Income on May 14, 2001. Tr. 60-62. Plaintiff alleged that she became

---

[1] Pursuant to the consent of the parties, this case has been referred to the undersigned in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13.

MEMORANDUM OPINION
Page - 1

1  disabled on December 6, 1997, due to pain in the left side of her body, including her neck, back,
2  hip, knee, ankle, and wrist, as well as hypertension and allergies. Tr. 71. Plaintiff's application
3  for benefits was denied initially (Tr. 26, 28-29) and on reconsideration (Tr. 27, 33-35). Plaintiff
4  made a timely request for a hearing, which was held before Administrative Law Judge ("ALJ")
5  Marguerite Schellentrager on June 4, 2003. Tr. 379-429. The ALJ heard testimony from
6  Plaintiff, who was represented by counsel. Tr. 386-414, 422-423. A vocational expert ("VE"),
7  Philip Rodriguez, also testified at the hearing. Tr. 416-420, 423-428. The ALJ issued a
8  decision on November 20, 2003, finding that Plaintiff can perform her past relevant work as an
9  administrative assistant and therefore, Plaintiff was not disabled. Tr. 23-24. The Appeals
10 Council denied Plaintiff's request for review, making the ALJ's decision the final decision of
11 the Commissioner. Tr. 7-8. Plaintiff timely filed her appeal with this Court.

## II. STANDARD OF REVIEW

The court may set aside the Commissioner's denial of social security disability benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence is defined as more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion which must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

## III. THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity

MEMORANDUM OPINION
Page - 2

since the alleged onset date of her disability. Tr. 17, 23. At step two, the ALJ found that Plaintiff's severe impairments include cervical, dorsal and lumbosacral strain, left shoulder strain, myofascial left parascapular pain, low back pain, and a depressive disorder, not otherwise specified. Tr. 21, 24. At step three, the ALJ determined that these impairments did not meet or equal the Listings. *Id.* The ALJ found that Plaintiff has the following residual functional capacity: she has the ability to lift and carry up to 10 pounds frequently and up to 20 pounds occasionally. She can sit, stand, and walk for about 6 hours in an 8 hour workday with a need to change her position every hour. Due to some stress intolerance, she also is limited to public contact for only about 25 percent of the workday. Tr. 23, 24. In reaching this conclusion, the ALJ found that Plaintiff's allegations regarding her limitations were not totally credible. Tr. 22, 24. At step four, the ALJ found that Plaintiff can perform her past relevant work as an administrative assistant. Tr. 23, 24. Therefore, the ALJ concluded that Plaintiff was not disabled at any time through the date of the decision. *Id.*

## IV. DISCUSSION

Plaintiff argues that the ALJ erroneously evaluated Plaintiff's ability to tolerate work stress by conflating examining psychiatrist Dr. Gustavson's opinion that Plaintiff has a moderate stress tolerance limitation with his opinion that Plaintiff has a slight restriction in her ability to interact with the public, and by posing a hypothetical to the VE that did not include Dr. Gustavson's moderate-stress-tolerance opinion. Plaintiff also argues that the ALJ erred by: (a) failing to adequately evaluate the opinions of non-examining state agency psychologists Dr. Eisenhauer and Dr. Goldberg; (b) finding that Plaintiff could do her skilled past relevant work as an administrative assistant even though the ALJ's mental residual functional capacity finding necessarily implies that the ALJ found that Plaintiff had a "severe" mental impairment; (c) failing to proffer to Plaintiff, prior to rendering a decision, the printed versions of Plaintiff's

MEMORANDUM OPINION
Page - 3

workers' compensation records that were on microfiche; (d) improperly finding Plaintiff not credible because she had filed workers' compensation claims against two former employers; and (e) failing to evaluate the lay witness statement from John Hall. The Commissioner concedes that there were errors in the ALJ's evaluation of the evidence, and she does not specifically contest any of Plaintiff's arguments.

Although both parties agree that the Commissioner's decision must be reversed and the case remanded for a rehearing to correct the harmful defects in the ALJ's decision, they suggest different approaches to correcting those defects on remand. The Commissioner advocates for a "more open-textured choice, updating and re-evaluating the record as a whole, permitting Plaintiff to review all records and testify further." However, Plaintiff contends that providing concrete guidance to the ALJ in the form of a more specific ruling will minimize the risk of the same mistakes arising in the ALJ's decision on remand. This Court agrees with Plaintiff.

Accordingly, upon remand the ALJ is directed to: (1) consistent with 20 C.F.R. § 404.1527, re-evaluate Dr. Gustavson's opinion about Plaintiff's moderate stress tolerance, and include Dr. Gustavson's opinion about stress in the residual functional capacity finding and corresponding hypothetical to a vocational expert or provide legally sufficient reasons for rejecting that opinion; (2) evaluate the opinions of state-agency psychologists Dr. Eisenhauer and Dr. Goldberg and explain the weight given to their opinions consistent with 20 C.F.R. § 404.1547; (3) further evaluate Plaintiff's alleged "severe" mental impairment in light of the record as a whole; (4) proffer to Plaintiff all medical records printed from microfiche; (5) re-evaluate Plaintiff's credibility after reconsidering the medical evidence; (6) evaluate any lay witness statements, including the statement from John Hall; and (7) otherwise weigh all the evidence, including any new evidence submitted by Plaintiff or obtained by the ALJ, hold a new administrative hearing, and render a new decision.

MEMORANDUM OPINION
Page - 4

## VI. CONCLUSION

Based upon the record evidence, the Court finds that the Commissioner's decision contains legal errors. Accordingly, this Court hereby REVERSES the Commissioner's decision and REMANDS this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings, including the steps set forth above.

DATED this 21st day of September, 2005.

/s/ Monica J. Benton
MONICA J. BENTON
United States Magistrate Judge

MEMORANDUM OPINION
Page - 5